**Henk VISSER, Petitioner,**

**v.**

**SUPREME COURT OF STATE OF CALIFORNIA; California State Bar; Commission on Judicial Performance, Respondents.**

**Henk VISSER, Petitioner,**

**v.**

**Richard THORNBURGH, Respondent.**

**Henk VISSER, Petitioner,**

**v.**

**SUPERIOR COURT/APPELLATE DEPARTMENT FOR the COUNTY OF LOS ANGELES; Commission on Judicial Performance; Supreme Court of State of California, Respondents,**

**and**

**City of Los Angeles, et al., Real Parties in Interest.**

**Henk VISSER, Petitioner,**

**v.**

**SUPREME COURT of the State of California; Court of Appeals, for the Second Appellate District of California; State of California, et al., Respondents.**

**Henk VISSER, Petitioner,**

**v.**

**Sheldon SLOAN; Demsey Klein, et al., Respondents.**

**Nos. 90-70561 to 90-70564, 90-70576.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 14, 1990.

Decided Nov. 23, 1990.

Before TANG, FARRIS and KOZINSKI, Circuit Judges.

ORDER

In each of these five actions, pro se petitioner Henk Visser seeks a writ of mandamus, and requests that he be permitted to proceed in forma pauperis. For the reasons below, we deny petitioner leave to proceed in forma pauperis.

In the last 16 months, Visser has filed eleven mandamus petitions with this court. All of Visser's petitions have been accompanied by a request to proceed in forma pauperis. Without recorded dissent, this court has denied each of the six petitions it has previously considered, and denied each of Visser's requests to proceed in forma pauperis as moot.[1]

The five petitions now before us are vague, rambling diatribes alleging that various state and federal officials and entities have been involved in a wide-ranging international conspiracy to deny Visser certain rights during his state criminal proceedings, and to intimidate, kidnap, and attempt to kill him. Visser has put forward the same argument—without success—in all of his prior filings with this court.

Certain central themes recur in Visser's petitions: secret indictments lodged against him in both state and federal court; jury tampering during his state trial; 400 to 500 checks made out to Visser, stolen by the government, and cashed by Wells Fargo Bank; the demise of a "travel/sports entity" called Condor Club International; and discrimination against Olympic athletes. In addition, a hallmark of Visser's petitions is the use of personal attacks upon various attorneys, judges, politicians and the United States Department of Justice. His filings are replete with unsupported allegations of bribery, entrapment and corruption.

This court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis. *In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). We conclude that petitioner has engaged in a pattern of litigation which is manifestly abusive.

Accordingly, we deny petitioner leave to proceed in forma pauperis. He shall have until December 3, 1990 to pay the $100 docketing fee in each of these cases. If petitioner fails to pay the required fees within the time allowed, these cases will be dismissed without further notice.

We also direct the Clerk not to accept from Visser any further mandamus petitions, or any documents associated with such petitions, unless accompanied by the appropriate fee. The Clerk shall return, undocketed, any mandamus petitions and associated documents received from Visser that are not accompanied by the appropriate fee.

1. We have denied mandamus relief in: *Visser v. United States District Court,* No. 90-70403 (9th Cir. Oct. 30, 1990); *Visser v. Supreme Court of California,* No. 90-70465 (9th Cir. Oct. 18, 1990); *Visser v. United States District Court,* No. 90-70442 (9th Cir. Oct. 19, 1990); *Visser v. United States District Court,* No. 90-70188 (9th Cir. May 3, 1990); *Visser v. United States District Court,* No. 89-70390 (9th Cir. Dec. 6, 1989); and *Visser v. United States District Court,* No. 89-70305 (9th Cir. Aug. 11, 1989).