943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Robert DEMOS, Jr., Plaintiff-Appellant,
v.
James R. BROWNING, Honorable, Robert J. McNichols,
Honorable, Defendants-Appellees.
 No. 90-35297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1991.*
Decided Sept. 10, 1991.
 
 Before CANBY, DAVID R. THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Robert Demos, Jr., a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). Demos alleges that the defendants, federal court judges, violated his civil rights by their rulings in a previous action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's sua sponte dismissal under section 1915(d). Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). Under section 1915(d), the district court may dismiss an in forma pauperis complaint if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Id. In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Judges are absolutely immune from section 1983 liability for damages for their judicial acts, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quotation omitted); accord Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir.1986) (en banc). An act is judicial if it is a "function normally performed by a judge[, and the parties] dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. Judges are subject to section 1983 liability for damages only if they act in the clear absence of all jurisdiction. Id. at 356-57.
 
 
 5
 Here, the defendants' rulings, including the issuance and upholding of a pre-filing order were acts within their judicial capacity. See, e.g., Visser v. Supreme Court of California, 919 F.2d 113, 114 (9th Cir.1990) ("court has inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis") (citing In re McDonald, 489 U.S. 180 (1989)). Because the judges' actions were within their judicial authority, the district court properly determined that they were absolutely immune from section 1983 liability and dismissed Demo's action as frivolous. See Stump, 435 U.S. at 356-57; Neitzke, 490 U.S. at 325.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3