# IN RE SASSOWER

No. 92–8933.   Decided October 12, 1993*

PER CURIAM.

*Pro se* petitioner George Sassower requests leave to proceed *in forma pauperis* under Rule 39 of this Court.   We deny this request pursuant to Rule 39.8.   Sassower is allowed until November 2, 1993, within which to pay the docketing fees required by Rule 38 and to submit his petitions in compliance with this Court's Rule 33.   For the reasons explained below, we also direct the Clerk not to accept any further petitions for certiorari nor any petitions for extraor-

*Together with No. 92–8934, *Sassower* v. *Mead Data Central Inc. et al.*, No. 92–9228, *Sassower* v. *Crites et al.*, No. 93–5045, *Sassower* v. *Kriendler & Relkin et al.*, No. 93–5127, *Sassower* v. *Feltman et al.*, No. 93–5128, *Sassower* v. *Puccini Clothes et al.*, No. 93–5129, *Sassower* v. *A. R. Fuels, Inc., et al.*, No. 93–5252, *Sassower* v. *Reno*, No. 93–5358, *Sassower* v. *Abrams, Attorney General of New York*, and No. 93–5596, *In re Sassower*, also on motions for leave to proceed *in forma pauperis*.

dinary writs from Sassower in noncriminal matters unless he pays the docketing fee required by Rule 38 and submits his petition in compliance with Rule 33.

Prior to this Term, Sassower had filed 11 petitions in this Court over the last three years. Although Sassower was granted *in forma pauperis* status to file these petitions, all were denied without recorded dissent.* During the last four months, Sassower has suddenly increased his filings. He currently has 10 petitions pending before this Court—all of them patently frivolous.

Although we have not previously denied Sassower *in forma pauperis* status pursuant to Rule 39.8, we think it appropriate to enter an order pursuant to *Martin* v. *District of Columbia Court of Appeals*, 506 U. S. 1 (1992). In both *In re Sindram*, 498 U. S. 177 (1991) *(per curiam)*, and *In re McDonald*, 489 U. S. 180 (1989) *(per curiam)*, we entered orders similar to this one without having previously denied petitioners' motions to proceed *in forma pauperis* under Rule 39.8. For the important reasons discussed in *Martin, Sindram*, and *McDonald*, we feel compelled to enter the order today barring prospective filings from Sassower.

Sassower's abuse of the writ of certiorari and of the extraordinary writs has been in noncriminal cases, and so we limit our sanction accordingly. The order therefore will not prevent Sassower from petitioning to challenge criminal sanctions which might be imposed on him. The order, how-

---

*See *Sassower* v. *New York*, 499 U. S. 966 (1991) (certiorari); *In re Sassower*, 499 U. S. 935 (1991) (mandamus/prohibition); *In re Sassower*, 499 U. S. 935 (1991) (mandamus/prohibition); *Sassower* v. *Mahoney*, 498 U. S. 1108 (1991); *In re Sassower*, 499 U. S. 904 (1991) (mandamus/prohibition); *In re Sassower*, 498 U. S. 1081 (1991) (habeas corpus); *In re Sassower*, 498 U. S. 1081 (1991) (mandamus/prohibition); *Sassower* v. *United States Court of Appeals for D. C. Cir.*, 498 U. S. 1094 (1991) (certiorari); *Sassower* v. *Brieant*, 498 U. S. 1094 (1991) (certiorari); *Sassower* v. *Thornburgh*, 498 U. S. 1036 (1991) (certiorari); *Sassower* v. *Dillon*, 493 U. S. 979 (1989) (certiorari).

6

ever, will allow this Court to devote its limited resources to the claims of petitioners who have not abused our process.

*It is so ordered.*

JUSTICE THOMAS and JUSTICE GINSBURG took no part in the consideration or decision of the motion in No. 93–5252.