IN RE ANDERSON

No. 93–8312.   Decided May 2, 1994

PER CURIAM.

*Pro se* petitioner Grant Anderson seeks an extraordinary writ pursuant to 28 U. S. C. § 2241 and requests permission to proceed *in forma pauperis* under this Court's Rule 39. Pursuant to Rule 39.8, we deny petitioner leave to proceed *in forma pauperis.** Petitioner is allowed until May 23, 1994, within which to pay the docketing fee required by Rule 38 and to submit his petition in compliance with this Court's Rule 33. For the reasons explained below, we also direct the Clerk of the Court not to accept any further petitions for extraordinary writs from petitioner unless he pays the docketing fee required by Rule 38 and submits his petitions in compliance with Rule 33.

---

*This Court's Rule 39.8 provides: "If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis.*"

Petitioner is a prolific filer in this Court. In the last three years alone, he has filed 22 separate petitions and motions, including 3 petitions for certiorari, 6 motions for reconsideration, and 13 petitions for extraordinary writs. Thirteen of these petitions and motions have been filed this Term. We have denied all of the petitions and motions without recorded dissent. We have also denied petitioner leave to proceed *in forma pauperis*, pursuant to Rule 39.8, on the last three occasions that he has submitted petitions for extraordinary relief.

Like the majority of his previous submissions to this Court, the instant petition for habeas corpus relates to the denial of petitioner's various postconviction motions by the District of Columbia Court of Appeals. The current petition merely repeats arguments that we have considered previously and not found worthy of plenary review. Like the three petitions in which we denied petitioner leave to proceed *in forma pauperis*, moreover, the instant petition is patently frivolous.

The bulk of petitioner's submissions have been petitions for extraordinary writs, and we limit our sanction accordingly. We have imposed similar sanctions in three prior cases. See *In re Demos*, 500 U. S. 16 (1991); *In re Sindram*, 498 U. S. 177 (1991); *In re McDonald*, 489 U. S. 180 (1989). For the reasons discussed in these cases, we feel compelled to bar petitioner from filing any further requests for extraordinary relief. As we concluded in *Sindram:*

"The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. *Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. The risks of abuse are particularly acute with respect to applications for ex-

traordinary relief, since such petitions are not subject to any time limitations and, theoretically, could be filed at any time without limitation. In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system." 498 U. S., at 179–180 (citation omitted).

So long as petitioner qualifies under this Court's Rule 39 and does not similarly abuse the privilege, he remains free to file *in forma pauperis* requests for relief other than an extraordinary writ. See *id.*, at 180. In the meantime, however, today's order "will allow this Court to devote its limited resources to the claims of petitioners who have not abused our process." *In re Sassower*, 510 U. S. 4, 6 (1993).

*It is so ordered.*

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

During my years of service on the Court, I have not detected any threat to the integrity of its processes, or its ability to administer justice fairly, caused by frivolous petitions, whether filed by paupers or by affluent litigants. Three years ago I expressed the opinion that the cost of administering sanctions such as that imposed on this petitioner would exceed any perceptible administrative benefit. *In re Amendment to Rule 39*, 500 U. S. 13, 15 (1991). Any minimal savings in time or photocopying costs, it seemed to me, did not justify the damage that occasional orders denying *in forma pauperis* status would cause to "the symbolic interest in preserving equal access to the Court for both the rich and the poor." *Ibid.* Three years' experience under this Court's Rule 39.8 leaves me convinced that the dissenters in the cases the Court cites had it right. See *In re Demos*, 500 U. S. 16, 17–19 (1991); *In re Sindram*, 498 U. S. 177, 180–183

(1991); *In re McDonald*, 489 U. S. 180, 185–188 (1989). See also *Day* v. *Day*, 510 U. S. 1, 3 (1993) (STEVENS, J., dissenting). Again I respectfully dissent.