Roger H. CORLEY, Jr., Appellant,

v.

UNITED STATES, Appellee.

Nos. 94–CO–58, 97–CO–184.

District of Columbia Court of Appeals.

Sept. 17, 1999 *.

Roger H. Corley, pro se.

Wilma A. Lewis, United States Attorney, and John R. Fisher and Ann K.H.

Simon, Assistant United States Attorneys, filed a motion for sanctions for appellee.

Before WAGNER, Chief Judge, and STEADMAN and SCHWELB, Associate Judges.

SCHWELB, Associate Judge:

On May 6, 1999, the United States filed a motion seeking sanctions against Roger H. Corley, Jr., for abuse of the processes of this court. On June 7, 1999, the Clerk received Corley's *pro se* motion to strike the government's motion for sanctions. In a brief memorandum in support of his motion to strike, Corley referred to an "Attached Motion/Brief in opposition and objection to Appellees' Motion for Sanctions and Memorandum in support." The purported attachments did not accompany Corley's motion to strike.

On June 16, 1999, the Chief Deputy Clerk of this court advised Corley by letter that the attachments had not arrived at the court, and that counsel for the government likewise had not received them. No further response from Corley has been received. We therefore treat the government's motion as conceded.

In 1976, Corley entered *Alford* [1] pleas to two counts of armed rape and one count of kidnapping, and received aggregate sentences of imprisonment for a term of forty years to life. Following the denial of his motion to withdraw his plea, Corley's convictions were affirmed by this court in an unpublished order. Since that time, Corley has literally deluged this court and other courts with what the government reasonably characterizes as "literally innumerable unsuccessful attacks on his convictions and his detention in the custody of the United States." The government's motion for sanctions and supporting memorandum identifies a truly staggering number of post-conviction submissions by Corley. Many of these submissions are

---

* This opinion was originally issued as an unpublished order. The court has granted the government's motion for publication.

1. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

lengthy, at least some of them are repetitive, and all of them have required the expenditure of a substantial amount of the time of the judges and staff of this court. None of these submissions has resulted in the granting of relief from Corley's convictions and sentences.

▮▮▮▮▮ Any court "should have discretionary power to 'protect itself against a pertinacious relator.'" *Neverdon v. District of Columbia*, 468 A.2d 974, 975 (D.C. 1983) (quoting *United States ex rel. Gregoire v. Watkins*, 164 F.2d 137, 138 (2nd Cir.1947)). In this court, as in the Supreme Court,

> [e]very paper filed with the Clerk ..., no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3–4, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (per curiam) (quoting *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (per curiam)). In a number of cases comparable to this one, the Supreme Court has ordered its Clerk not to accept further filings from litigants who have abused the Court's processes unless such filings are in the form required by the Court's Rules and accompanied by the docketing fee. *See, e.g., Lowe v. Pogue*, 526 U.S. 273, 119 S.Ct. 1238, 143 L.Ed.2d 384 (1999) (per curiam); *In re Anderson*, 511 U.S. 364, 364–66, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (per curiam); *Martin, supra,* 506 U.S. at 3, 113 S.Ct. 397.

In *Anderson*, the petitioner had filed, in the Supreme Court, numerous *in forma pauperis* submissions complaining that this court, *i.e.*, the District of Columbia Court of Appeals, denied petitioner's various motions for post-conviction relief. Noting that most of the petitioner's submissions were petitions for extraordinary writs, the Court confined its proscription against further filings to such submissions. 511 U.S. at 365, 114 S.Ct. 1606. We believe that a comparable sanction should be imposed here to protect the processes of this court.

With respect to the specifics of the appropriate sanction, the government's position is as follows:

> Because appellant's abuse of the [c]ourt has been principally in appeals challenging the denial of: (1) writs of habeas corpus; (2) writs of mandamus or coram nobis; (3) post-conviction relief pursuant to Super. Ct.Crim. R. 33 or 35 or D.C.Code § 23–110; or (4) relief in civil cases; and in original actions seeking (5) issuance by this [c]ourt of an extraordinary writ, the sanction should be limited accordingly. [Citations omitted.] The [c]ourt has ample cause to bar prospective filing of any *pro se* writing appealing such or similar decisions, or seeking extraordinary relief from this [c]ourt unless he pays the usual docketing fee. We do not seek this remedy, however, although there is ample precedent for it. *See, [inter alia, Lowe, supra,* and *Anderson, supra* ]. Rather, we ask for a milder prohibition.

> In order to prevent appellant from continuing to barrage the [c]ourt with frivolous claims, we ask it to enter an order barring prospective *pro se* filings in matters of the type enumerated above ... unless they are accompanied by either the usual docketing fee or an order of this [c]ourt granting appellant leave to file.

In the absence of any opposition from Corley, we conclude that the remedy requested by the government is, for the most part, balanced and reasonable.[2] Accordingly, it is hereby ordered:

1. The Clerk of this court shall hereafter refuse to accept for filing any prospective *pro se* submission by Roger H. Corley, Jr. seeking review of the denial of a petition for writ of habeas corpus or a motion

---

**2.** Cf. *In re Martin–Trigona*, 9 F.3d 226, 229 (2d Cir.1993) (discussing decisions in other jurisdictions imposing a comparable "leave of court" requirement).

for new trial pursuant to Super. Ct.Crim. R. 33 or 35 or D.C.Code § 23–110, issuance or review of the denial of a writ of mandamus or *coram nobis,* or review of the denial of any other relief sought in a civil action against the United States, the District of Columbia, this court, or the Superior Court, or against any past or present employee or agent of such governmental body or court, or against any attorney who has represented Corley in a criminal case before a court of the District of Columbia, unless such submission is accompanied by an order issued by a member of the court, pursuant to D.C.App. R. 27(c), granting Corley leave to file.

2.   In the event that Corley applies for leave of court, in conformity with paragraph 1, to file a submission of the kind for which leave of court is required, the Clerk, in presenting such an application to the court, shall place in the file a copy of this opinion.

*So ordered.*[3]

---

**3.**   Corley is incarcerated and indigent and, notwithstanding the government's contrary position, we decline to include in this order a provision dispensing with the leave of court requirement if Corley tenders the docketing fee.   Affluent litigants have no greater right than their indigent counterparts have to abuse the processes of the court.