Jibril L. IBRAHIM, a/k/a/ Grant
Anderson, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 98–CV–1873.

District of Columbia Court of Appeals.

Submitted April 25, 2000.

Decided April 27, 2000 *.

Jibril L. Ibrahim, pro se.

Robert R. Rigsby, Interim Corporation Counsel, with whom Charles L. Reischel, Deputy Corporation Counsel, and Sheila Kaplan, Assistant Corporation Counsel, were on the brief for appellee.

Before SCHWELB, Associate Judge, and PRYOR and BELSON, Senior Judges.

BELSON, Senior Judge:

On April 15, 1998 Jibril L. Ibrahim, also known as Grant Anderson, an inmate at the Central Facility in Lorton, Virginia, filed a lawsuit against the District of Columbia, the prison warden and employees of the Central Facility, including the law librarian, the associate warden for programs and the principal of the prison school. The complaint alleged negligence and constitutional violations such as denial of access to the law library and refusal to establish a proper inmate grievance advisory committee.

The District of Columbia filed a motion to dismiss or for summary judgment, and in addition requested that the court enjoin appellant from filing any future lawsuits in the trial court without leave of court. That request was based upon appellant's history of litigation—Ibrahim having filed a total of twenty-five lawsuits in the Superior Court as of September 15, 1999. Three of the actions were dismissed at appellant's request, two of the actions

* The decision in this case was originally released as a Memorandum Opinion and Judgment on April 27, 2000. This court decided *sua sponte* to publish it.

were settled, and two more, including the current action, were pending. Eighteen of the lawsuits have been dismissed by the court for reasons that included failure to state a claim, lack of adequate proof of service, failure to set forth a valid constitutional claim and want of prosecution.[1]

The trial court dismissed appellant's lawsuit and granted the District's request for an injunction after the court found that appellant's filings in the Superior Court had been "prodigious" and marked by "repeated filings of frivolous claims" constituting "an abuse of the judicial system." The injunction requires that prior to filing a claim appellant must file an application with the court certifying that his claim is made in good faith, is not frivolous and has not been previously disposed of on the merits. Appellant asserts on appeal that the trial court abused its discretion in enjoining him from filing any new complaints or petitions in the Superior Court without first seeking leave of court. We disagree and affirm.

■ It is "well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations*, 248 U.S.App.D.C. 64, 768 F.2d 1497, 1500 (1985) (citation omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 180, 111 S.Ct. 596, 112 L.Ed.2d 599 (1991). *See Corley v. United States*, 741 A.2d 1029, 1030 (D.C.1999). Jurisdictions have taken various measures to deal with prodigious litigators who abuse the court system. *See Visser v. Supreme Court of California*, 919 F.2d 113, 114 (9th Cir.1990) (limiting, *inter alia*, filing of mandamus petitions); *Castro v. United States*, 775 F.2d 399, 408–10 (1st Cir.1985) (upholding district court's injunc-

tion barring litigants from filing on matters contained in prior lawsuits). The Supreme Court has imposed limitations on this appellant and other litigants who continuously file meritless claims, denying them the privilege of proceeding *in forma pauperis*. *In re Grant Anderson*, 511 U.S. 364, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (*per curiam* ); *In re Sassower*, 510 U.S. 4, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993) (*per curiam* ); *In re McDonald*, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (*per curiam* ).

Appellant relies on *In re Powell*, 271 U.S.App.D.C. 172, 851 F.2d 427 (1988) (*per curiam* ). *In re Powell* involved a litigant who filed sixteen claims over a period of twenty-eight months. Five of those cases were dismissed by Powell either voluntarily or by consent. The remaining cases were pending at the time the district court issued the injunction. Finding that the issuance of an injunction by the district court was not warranted, the Circuit stated, "mere litigiousness alone does not support the issuance of an injunction." *Id.* at 179, 851 F.2d at 434.

■ In contrast, during the last decade appellant has filed twenty-five claims with the trial court, eighteen of which were dismissed for reasons that included failure to state a claim and lack of adequate proof of service. At the time the trial court granted the injunction, appellant had already been deemed a "prolific filer" by the United States Supreme Court in its decision withdrawing appellant's *in forma pauperis* privilege. The Supreme Court stated that within three years appellant had filed twenty-two separate petitions and motions, including three petitions for certiorari, six motions for reconsideration and thirteen petitions for extraordinary writs. All of the petitions and motions were denied without any recorded dissent.

---

**1.** On December 23, 1999 this court remanded the case of *Ibrahim v. University of the District of Columbia*, 742 A.2d 879 (D.C.1999) to the trial court, stating that "disputed issues of material fact remain as to whether appellant earned the degree." The case had been dismissed by the trial court on June 29, 1998 for failure to state a claim.

In re Grant Anderson, supra, 511 U.S. at 364, 114 S.Ct. 1606.

Appellant has also been enjoined from making future filings with the United States District Court for the District of Columbia without leave of court. *Anderson v. District of Columbia Pub. Defender Service*, 881 F.Supp. 663 (D.D.C. 1995). In issuing an injunction against appellant, the United States District Court emphasized that appellant had filed thirty-three federal court complaints and "none of his complaints or appeals ha[d] been found to have merit." *Id.* at 666 (citation and quotation omitted). Just recently, the United States Court of Appeals for the District of Columbia Circuit took note of appellant's "profuse and meritless" complaints. *Ibrahim a/k/a Grant Anderson v. District of Columbia and the Board of Trustees of the Univ. of the District of Columbia*, 341 U.S.App.D.C. 63, 208 F.3d 1032, 2000 U.S.App. LEXIS 6775 (D.C.Cir. 2000) (quoting *Anderson, supra,* 881 F.Supp. at 669–71).

This court's role in reviewing the discretion exercised by the trial court "is supervisory in nature and deferential in attitude." *Johnson v. United States,* 398 A.2d 354, 362 (D.C.1979). The injunction issued by the trial court does not bar appellant from filing civil actions in the Superior Court. Instead, appellant is required to secure leave of the court prior to filing any actions. This is intended to prevent any further abuse of the court system by appellant. The court has the discretion and the power to restrict a litigant who abuses the judicial system. *In re Grant Anderson, supra,* 511 U.S. at 365, 114 S.Ct. 1606. The order of the trial court enjoining appellant from filing any additional lawsuits without leave of court was not an abuse of discretion.

*Affirmed.*