George **FIELDS, Plaintiff,**

v.

**Jerry GILMORE, et al., Defendants.**

**No. 01–CV–1003.**

United States District Court,
C.D. Illinois.

May 23, 2001.

George Fields, Dixon, IL, pro se.

B. Paul Taylor, Office of Atty. Gen., Springfield, IL, for defendants.

## ORDER

BAKER, District Judge.

The plaintiff, George Fields sought leave to proceed in forma pauperis [d/e 1]. On March 9, 2001, the court allowed the plaintiff to proceed without prepayment of the filing fees. However, a review of the plaintiff's litigation history reveals that at least three of Fields' previous actions have been dismissed in both the Northern and the Southern Districts of Illinois on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Fields v. Page,* 96–1046–JPG (S.D. Ill., dismissed as frivolous on April 29, 1997 ); *Fields v. Page,* 95–798–JPG (S.D. Ill., dismissed as frivolous on Dec. 28, 1995); *Fields v. Dillon,* 94–469–WDS (S.D. Ill., dismissed as frivolous on Mar. 6, 1995); and 91–4083–ACW, *Fields v. Bentivenga,* (N.D. Ill., dismissed as frivolous on July 29, 1991). As a result the plaintiff's in forma status must be revoked. He is not eligible to proceed in forma pauperis under the Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996. The "three strikes" provision of the PLRA bars prisoner's civil rights suits when a prisoner plaintiff has already had three prior civil rights lawsuits dismissed on grounds that they were frivolous, malicious or fail to state a claim,

unless the plaintiff alleges that he is under an imminent threat of serious physical injury. *See* 28 U.S.C.A. § 1915(g); *see also Sloan v. Lesza,* 181 F.3d 857, 858 (7th Cir.1999).

In the case at bar, the plaintiff does not allege that he is under an imminent threat of serious physical injury and the court finds no indication that he is under any imminent threat of serious physical injury. The plaintiff's claim is that the defendants were indifferent to his safety when one of the defendants, a correctional officer, left the plaintiff's cell door open which allowed another inmate, who is a gang member, to attack the plaintiff. This incident took place at Pontiac Correctional Center on June 13, 1999. The plaintiff did not grieve the incident until August 29, 1999. In his grievance, he requested the name and identification number of the inmate who attacked him and a transfer. The plaintiff filed his grievance as an emergency grievance directly to the Administrative Review Board. In its November 5, 1999 response, the Administrative Review Board indicated there was no justification for additional consideration of the plaintiff's grievance because [he] was no longer incarcerated at Pontiac. The memorandum indicated that he was incarcerated at Dixon Correctional Center. Also, when the plaintiff signed his complaint on January 3, 2001, he indicated that he was incarcerated at Dixon Correctional Center. Fields' complaint concerns events at Pontiac Correctional Center, occurring almost two years ago, where Fields is no longer incarcerated. There is nothing in the plaintiff's complaint that indicates he is in imminent danger of serious physical injury.

■ Fields is not just disentitled to file this action without prepayment; filing this complaint violates § 1915(g). In *Perez v. Wisconsin Department of Corrections,* 182 F.3d 532 (7th Cir.1999), the court held that statutes in the form "no suit shall be brought if (or unless) some circumstance obtains" should be taken at face value, and if the condition has not been satisfied the action must be dismissed. This is how the Supreme Court treated similar statutes in *Hallstrom v. Tillamook County,* 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), and *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). Its approach is no less applicable to § 1915(g).

Two years ago, the Honorable Blanche M. Manning, Northern District of Illinois, counted four strikes and concluded that Fields could not proceed in forma pauperis. *See Fields v. Oliver,* 99–0568, dismissed on April 28, 1999. Hence, it is clear that Mr. Fields is well aware that he has already earned more than three strikes and is not eligible to proceed in forma pauper unless he is under imminent threat of serious physical injury. Obviously, Judge Manning's order, wherein Mr. Fields was advised that he is not eligible to proceed in forma pauperis, has had no effect on him. In his instant complaint, the plaintiff stated that he had filed only two lawsuits while incarcerated. However, a review of PACER shows the plaintiff has filed at least 18 lawsuits while incarcerated. These lawsuits date back to 1991.

Often in situations as the one before the court—and they are distressingly common—courts enjoin the frivolous litigant from filing any paper with the court or its personnel without express prior authorization by a judge of the court. *E.g., Vinson v. Heckmann,* 940 F.2d 114 (5th Cir.1991) (per curiam). The problem with that response is that it places on the court, specifically the designated judge, the burden of reading the litigant's requests for authorization to file. It allows the barrage to continue. A response less burdensome to the judiciary, and the one this court applies to the instant case, is the authority of *Support Systems International, Inc. v.*

*Mack,* 45 F.3d 185 (7th Cir.1995), discussed infra. *See also Sloan v. Lesza,* 181 F.3d 857, 858 (7th Cir.1999), where the court held:

An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and the Seventh Circuit Court of Appeals held in *Newlin v. Helman,* 123 F.3d 429, 436–37 (7th Cir. 1997), [*overruled on other grounds* ], that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation.

The judicial authority to curb Fields' litigation is ample. *See, e.g., In re Anderson,* 511 U.S. 364, 114 S.Ct. 1606, 128 L.Ed.2d 332 (1994) (per curiam); *Sassower v. Mead Data Central, Inc.,* 510 U.S. 4, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993) (per curiam); *Sassower v. American Bar Association,* 33 F.3d 733 (7th Cir.1994) (per curiam); *Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir.1993); *In re Martin–Trigona,* 9 F.3d 226, 228 (2d Cir.1993); *Gelabert v. Lynaugh,* 894 F.2d 746, 748 (5th Cir.1990) (per curiam). The Seventh Circuit has already established the most effective form in which to exercise that authority, consistent with the Supreme Court's admonition that any sanction imposed by a federal court for the abuse of its processes be tailored to the abuse. *In re Anderson,* supra, 511 U.S. at 366, 114 S.Ct. at 1608; *Sassower v. Mead Data Central, Inc.,* supra, 510 U.S. at 5, 114 S.Ct. at 3.

Payment of the docket fee, or a proper grant of forma pauperis status, is a precondition to Fields' ability to proceed in this case. Here full payment of the docketing fee is required and has not been made. This court is not at all disposed to give Fields extra time to pay. He committed a fraud on the federal judiciary by stating he had filed only two previous civil cases and seeking and obtaining permission to proceed in forma pauperis without revealing that he has already been held to be covered by § 1915(g). A litigant who follows frivolous litigation with fraud has no claim to a tender reception. Advising Mr. Fields that he is not eligible to proceed in forma pauperis has had no effect on him. Therefore, the court finds that this plaintiff has earned a *Mack* order. An order under *Mack* requires the clerk of the court to return civil complaints and related pleadings unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. *See Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir.1995).

IT IS THEREFORE ORDERED:

1. the plaintiff has earned more than three strikes and is subject to 28 U.S.C.A. § 1915(g);

2. the plaintiff is barred from proceeding in forma pauperis;

3. the plaintiff's in forma pauperis status is revoked;

4. the court's March 9, 2001 scheduling order [d/e 4] is vacated;

5. the court's January 22, 2001 prepayment order is vacated [d/e 2];

6. the plaintiff's petition to proceed in forma pauperis is denied [d/e 1], pursuant to 28 U.S.C.A. § 1915(g);

7. the plaintiff's case is dismissed for failure to prepay the $150.00 filing fee;

8. the parties shall bear their own costs;

9. until the plaintiff has paid in full all outstanding fees in all civil actions he has filed in this district, the clerk of the court in this district will return unfiled all papers he tenders;

10. this court authorizes the plaintiff to submit to this court, no earlier than two years from the date of this order,

a motion to modify or rescind this order;

11. this order does not apply to criminal cases or petitions challenging the terms of the plaintiff's confinement; and

12. the clerk of the court is directed to document that this plaintiff is barred from proceeding in forma pauperis on the three strikes log.