DLD-291                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2586
_____

IN RE: CAILIN NICOLE SOLOFF; DYLAN MICHAEL SOLOFF, As Beneficiaries of
the 1978 Irrevocable Deed of Trust Meghan Ellen Holtz Soloff, The 1994 Irrevocable
Deed of Trust of Meghan Ellen Holtz Soloff, A.M.M.T. - A Family Limited Partnership,
Custodial Account of Cailin Nicole Soloff, Custodial Account,
Petitioners

_____

On Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:17-cv-01500)

_____

Submitted Pursuant to Fed. R. App. P. 21

August 16, 2018
Before:  JORDAN, SHWARTZ, and KRAUSE, Circuit Judges

(Opinion filed: August 28, 2018)
_____

OPINION*
_____

PER CURIAM

 Pro se petitioners Cailin Nicole Soloff and Dylan Michael Soloff seek a writ of

mandamus.  Because petitioners have not demonstrated that they are entitled to such

relief, we will deny their petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In November 2017, petitioners filed a complaint alleging that the named defendants — two investment advisors and an investment management company — misappropriated funds in the course of managing several trusts. Petitioners claim to be beneficiaries of these trusts. After attending a case management conference, petitioners indicated their interest in the Court's Early Neutral Evaluation ("ENE") process. The District Court suggested a possible evaluator to the parties, provided that there was no conflict. The parties then stipulated to completing an ENE, with costs shared equally between them. They designated the Court's suggested individual to serve as their evaluator.

The same day that the stipulation was entered, petitioners sought a fee waiver for their share of the evaluator's fees. The District Court denied their request and stated that if petitioners did not pay the fees, the ENE would be canceled and the case would continue under a typical case management track. The parties paid the evaluator and conducted pre-ENE discovery, while the District Court fielded numerous motions to compel discovery from both sides. The ENE was scheduled for June 29, 2018.

On June 24, petitioners filed a motion in which they claimed to have recently discovered that their evaluator had a conflict of interest with their case. This alleged conflict arose from a civil action that petitioners had initiated in the Middle District of Florida in June 2017 against three attorneys and a law firm. After petitioners filed their complaint and sought to proceed in forma pauperis, they took no further action until they voluntarily dismissed the case in January 2018. One of the defendants named in

petitioners' Florida suit worked in a Florida office of the same law firm with which the ENE evaluator was affiliated. The Florida attorney left the firm in May 2018. Petitioners stated that they would not proceed with the ENE because of the law firm connection between the Florida defendant and the evaluator. Petitioners also claimed that the District Court had somehow conspired with the evaluator and defendants to prevent petitioners from asserting their claims.

In response, the District Court ordered the evaluator to retain a stenographer to attend the ENE and create a record for the parties. The Court specified that this transcript would not be filed on the docket or available to the District Court but would solely be provided to the parties.

Petitioners did not attend the ENE. That day, they filed a motion for recusal of the District Judge and demanded a refund of their share of the evaluator's fee. The District Court denied their motion, as well as their subsequent motion for reconsideration.[1] On July 19, 2018, petitioners filed their present petition for a writ of mandamus in this Court, again seeking recusal of the District Judge.

II.

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means

---

[1] Petitioners also sought a stay of the District Court case pending this Court's decision on their mandamus petition, which the District Court granted.

3

[exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks omitted).

III.

Petitioners seek the recusal of the District Judge. Recusal of a judge is required "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Petitioners claim that the District Judge should have recused himself from their case because: 1) a text-only order on the District Court docket from April 4, 2018, stated that the judge had signed that order on May 22, 2017; 2) the Court denied several of their motions; and 3) they believed that the District Judge had a personal relationship with the evaluator and that the evaluator had shared confidential information with the judge. They want another judge to review and change several decisions that the District Court has made thus far in the litigation. They also seek another ENE with a different evaluator.

First, the existence of a seemingly accidental typographical error on the District Court docket does not have any bearing on the impartiality of the District Judge. Petitioners' theories that this error somehow "backdates" the docket entry to prevent them from later appealing certain decisions have no support.

Next, petitioners' dissatisfaction with several unfavorable District Court decisions similarly does not necessitate the judge's recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S.

4

540, 555 (1994). Review of those rulings may take place on appeal, which makes the grant of mandamus relief inappropriate. See Hahnemann Univ. Hosp. v. Edgar, 74 F.3d 456, 461 (3d Cir. 1996).

Finally, petitioners' concerns about their ENE evaluator and his relationship with the District Judge also lack support. Petitioners generally accuse the evaluator of sharing some form of confidential information with the District Judge. However, they do not explain what this information was, or when it was shared. Contrary to petitioners' allegations, at no point has the District Court ordered the evaluator to share confidential information about their case with the Court.

As for the alleged conflict of interest that petitioners repeatedly reference, the District Judge merely suggested a potential evaluator to the parties for their ENE early in the litigation; petitioners and defendants voluntarily selected him to act as their evaluator. All of the information that petitioners claim informed their decision not to attend the ENE was readily available to them months before the ENE was scheduled to take place. Petitioners decided not to attend the ENE despite the Court's clear orders that the ENE would continue as scheduled. Petitioners' conjectures and decisions do not constitute a basis for recusal of the District Judge. See In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (noting that a judge's recusal is not required on the basis of "highly tenuous speculation"). Accordingly, we will deny their petition.[2]

---

[2] Additionally, we deny petitioners' motion for judicial notice. Their request that this Court take judicial notice of numerous facts that are potentially relevant to the merits of their underlying claims is unrelated to their request for mandamus relief.