488 So.2d 115 (1986)
Loretta GRAFMAN, Appellant,
v.
Jerome GRAFMAN, Appellee.
No. 85-2866.
District Court of Appeal of Florida, Third District.
April 29, 1986.
*116 Stephen H. Butter, Miami, for appellant.
Margulies & Rones and Victor Rones, North Miami Beach, for appellee.
Before BARKDULL, HUBBART and DANIEL S. PEARSON, JJ.

ON MOTION TO DISMISS
HUBBART, Judge.
This is an appeal from a non-final order entered in post-decretal proceedings on a motion to modify a final judgment of marriage dissolution based on a change in circumstances. The order under review rescinds a prior trial court order which had referred the post-decretal motion to modify to a general master. The appellee has filed a motion to dismiss this appeal on the ground that it is taken from a non-appealable interlocutory order which this court has no jurisdiction to review.
The central issue presented by the motion to dismiss is whether a non-final order which (a) is entered in post-decretal proceedings on a motion to modify a final judgment of marriage dissolution based on a change of circumstances, and (b) is entered prior to the final disposition of said motion, constitutes an appealable interlocutory order under Fla.R.App.P. 9.130(a)(4) as being a "[n]on-final order entered after final order." For the reasons which follow, we conclude that this order is not appealable under the above-stated rule. We further conclude that the said order is not appealable under any other provision of Fla.R.App.P. 9.130(a), and, accordingly, dismiss the instant appeal for lack of jurisdiction to review the order from which this appeal is taken.

I
The relevant facts are these. On July 18, 1985, the appellant wife Loretta Grafman filed a motion below to modify a final judgment of marriage dissolution previously entered in the Circuit Court for the Eleventh Judicial Circuit of Florida. The final judgment of marriage dissolution had been entered below on January 20, 1984, and was based on a property settlement agreement between the parties. The motion for modification sought to modify the final judgment of marriage dissolution, based on a change of circumstances, by increasing the alimony award to the wife from $537.00 a month to $1,000.00 a month, and by changing the alimony award from a rehabilitative to a permanent award. The motion also sought an award of attorney's fees and costs.
On August 23, 1985, the trial court referred the appellant wife's motion for modification, together with the request for attorney's fees and costs, to a general master to hold hearings and report to the trial court concerning his findings and recommendations. On December 4, 1985, however, the trial court entered an order rescinding this order of referral on the basis that the parties had not signed a written stipulation consenting to the subject order of referral. The appellant wife has appealed from this order and the appellee husband Jerome Grafman has filed a motion to dismiss this appeal.[1]

*117 II
The appellee husband argues in support of his motion to dismiss that the order appealed from does not constitute an appealable interlocutory order under any of the provisions of Fla.R.App.P. 9.130(a). The appellant wife counters that the order is appealable under various provisions of this rule, but principally under the section which authorizes an appeal from "non-final orders entered after the final order." Fla. R.App.P. 9.130(a)(4). In order to assess the merits of these respective legal positions, it is necessary to consult the applicable law on the jurisdiction of the district courts of appeal in Florida to entertain appeals from non-final orders entered, as here, in a civil case.
Article V, Section 4(b)(1) of the Florida Constitution empowers the district courts of appeal to "review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court." Fla.R. App.P. 9.130(a) promulgated by the Florida Supreme Court sets out, in turn, the types of interlocutory orders which a district court of appeal may review in a civil case. In particular, the said rule makes reviewable all "non-final orders entered after final order on authorized motions," except in two instances not relevant here. Fla.R. App.P. 9.130(a)(4).[2]
It is well settled in Florida that an order which finally disposes of a post-decretal motion to modify a final judgment of marriage dissolution based on a change of circumstances is not an interlocutory order entered after final judgment. It is instead a final order, from which a timely motion for rehearing lies, and which is accordingly appealable to a district court of appeal as a final order. When such a timely motion for rehearing is filed, the 30-day appeal time from this final order is stayed until the said motion is disposed of  which would not be the case if the subject order was interlocutory in nature. Small v. Small, 313 So.2d 749 (Fla. 1975); Potucek v. Smeja, 419 So.2d 1192, 1193 (Fla. 2d DCA 1982).
The underlying justification for this ruling is that a post-decretal motion to modify a final judgment of marriage dissolution based on a change of circumstances is, in effect, an original proceeding requiring new pleadings, and that an order which disposes of such a motion finally decides the merits of the modification request and has res judicata effect. Small v. Small, supra, at 751-53. Beyond that, these proceedings often take on the substance of a trial in that they frequently involve prolonged evidentiary hearings and extensive trial transcripts. Plainly, it makes no sense to treat an order which finally disposes of these often-complicated matters as a simple post-judgment, non-final order from which an interlocutory appeal may be taken with an abbreviated record under Fla.R. App.P. 9.130(a). In the real world, these post-decretal orders rise to the dignity of final orders and should be appealable as such. Cf. Dauer v. Freed, 444 So.2d 1012, 1017-18 (Fla. 3d DCA 1984) (Hubbart, J., concurring).
*118 This being so, it follows that all orders entered prior to the final order in these original post-decretal proceedings on a motion to modify a final judgment of marriage dissolution must be considered non-final orders entered prior to final order, not after final order, and accordingly are not appealable as "non-final orders entered after final order" under Fla.R.App.P. 9.130(a)(4). Indeed, any other result would mean all such orders entered in these original proceedings to modify a final judgment of marriage dissolution would be appealable under this rule  a thoroughly irrational result plainly not contemplated by the said rule.

III
Turning now to the instant case, we have no trouble in concluding that the non-final order under review, entered in these original proceedings which seek by post-decretal motion to modify the final judgment of marriage dissolution herein, is not an appealable order under Fla.R.App.P. 9.130(a)(4). The subject order rescinds a prior trial court order referring the subject motion to modify to a general master. Plainly, this is a non-final order entered prior to a final order disposing of this motion to modify and consequently is not appealable as a non-final order entered after final order under Fla.R.App.P. 9.130(a)(4).
Moreover, we are unimpressed with the appellant wife's further contention that the said order is appealable under various other sections of Fla.R.App.P. 9.130(a). Plainly, the order under review cannot possibly constitute, as urged, an order which "concern[s] venue," Fla.R.App.P. 9.130(a)(3)(A), or "determine[s]... jurisdiction of the person," Fla.R.App.P. 9.130(a)(3)(C)(i), or "determine[s] ... the right to immediate monetary relief... in [a] domestic relations matter[]", Fla.R.App.P. 9.130(a)(3)(C)(iii). Not surprisingly, the appellant wife offers no authority and no real legal argument to support her position here. We accordingly reject this contention as having no merit.
Inasmuch as the non-final order under review is not an appealable interlocutory order under Fla.R.App.P. 9.130(a), this court has no jurisdiction to entertain the instant appeal. Moreover, we decline to entertain the appeal as a petition for a writ of certiorari because the appellant plainly has a full, adequate and complete remedy by appeal after a final judgment is entered herein. See Brooks v. Owens, 97 So.2d 693, 695 (Fla. 1957). For these reasons, the instant appeal is
Dismissed.
NOTES
[1] The motion to dismiss was filed two (2) days after the appellant's brief was filed in this cause  a not uncommon practice in this court. We recognize that a motion of this sort can be filed at anytime as it raises a question of our jurisdiction to entertain an appeal. For the future benefit of the bar, however, we would much prefer that such motions be filed promptly after the filing of the notice of appeal  so that the resources of this court, the trial court, and the parties will not be wasted on an appeal which we have no jurisdiction to entertain.

Subsequent to the filing of this appeal, we are informed that the trial court on March 19, 1986, purported to enter a final order striking the appellant wife's motion to modify. Plainly, the court had no jurisdiction to enter such a final order until the instant interlocutory appeal was finally disposed of by this court. De la Portilla v. De la Portilla, 304 So.2d 116 (Fla. 1974); Fla. R.App.P. 9.130(f). We accordingly reject the appellee husband's suggestion that the appeal herein has been "mooted" by the trial court's March 19, 1986 order as the said order was entered without jurisdiction.
[2] The two exceptions are (1) non-final orders, entered after final order, which suspend rendition, and (2) orders granting a new trial in a jury or non-jury case. Fla.R.App.P. 9.130(a)(4) provides:

"Non-final orders entered after final order on motions which suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in Rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule."