650 So.2d 114 (1995)
Byron LOWERY, Petitioner,
v.
The Honorable Stanton S. KAPLAN, Circuit Judge of the Seventeenth Judicial Circuit Court, in and for Broward County, Florida, Respondent.
No. 94-3280.
District Court of Appeal of Florida, Fourth District.
February 1, 1995.
Byron Lowery, pro se.
No response required for respondent.
PER CURIAM.
On January 5, 1995, the court entered the following order:
The petitioner in the above cases has filed a total of 28 pro se petitions for extraordinary relief in the past three years, including the two presently under consideration. He has also filed 21 final and non-final appeals without the benefit of counsel. To date, none of his pro se efforts have ever been successful. Of the 42 cases that have been disposed of, 29 have been dismissed and 11 (petitions) have been summarily denied. The two remaining cases were transferred to circuit court.
The petitioner raises the same arguments repeatedly, despite his complete lack of success in his prior cases (e.g., seeking to have transcripts prepared at public expense, law library access, trying to appeal decisions on his Bar complaints). He often actually prevents the consideration of the merits of his cases by failing to file an affidavit of indigency or failing to prosecute his cases after they have been filed. It appears that he is not interested in obtaining judicial consideration of his allegations. The filing of these cases do not appear to be a serious attempt to obtain judicial relief.
The pattern of abuse of the judicial system that the petitioner has engaged in over the past two years requires that sanctions now be imposed, especially since it appears that his rate of filing frivolous cases is actually increasing over time despite the fact that his efforts continue to be unsuccessful. In 1992, he filed 4 cases; in 1993, 21 cases; and so far this year, he has filed 24 cases.
The United States Supreme Court has recently adopted a procedure pursuant to Supreme Court Rule 39.8 to prevent abusive filers from proceeding in forma pauperis in non-criminal proceedings by directing the clerk not to accept for filing any petitions from these individuals unless they are accompanied by the correct filing fee. Supreme Court Rule 39, the authority for these recent Supreme Court decisions, was amended in 1991 to add the following provision:
39.8 If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed in forma pauperis.

The Supreme Court has used this provision as authority to prospectively deny leave in several cases since that subsection *115 was added: In re Anderson, ___ U.S. ___, 114 S.Ct. 1606, 128 L.Ed.2d 332, reh'g denied, ___ U.S. ___, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994); Day v. Day, ___ U.S. ___, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993); In re Sassower, ___ U.S. ___, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993); In re Demos, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991). In each of these cases, the court directed the clerk not to accept certain categories of new cases from the individuals identified unless the proper fee is paid at the time of filing.
Although Florida does not presently have a similar rule, we conclude that this court has inherent authority to prevent abuse of the judicial system, an implied power of Florida's district courts, which has been recognized expressly in Shotkin v. Cohen, 163 So.2d 330, 331 (Fla.3d DCA 1964); Ray v. Williams, 55 Fla. 723, 724, 46 So. 158, 159 (1908). This court has in the past successfully denied abusive litigants the right to proceed pro se, a remedy that is similar to the restriction fee waivers. Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA), rev. dismissed, 528 So.2d 1182 (Fla. 1988).
The use of the court's inherent authority to deny Petitioner in forma pauperis status would not be contrary to the Supreme Court's handling of this problem before Rule 38.9 was adopted. The Court had already denied abusive petitioners indigent status in future filings under authority of the court's pre-amendment general in forma pauperis rule, Rule 39. In re Sindram, 498 U.S. 177, 111 S.Ct. 596, 112 L.Ed.2d 599, reh'g denied, 498 U.S. 1116, 111 S.Ct. 1029, 112 L.Ed.2d 1110 (1991); In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989). The Court explained in Sindram, 498 U.S. at 180 [111 S.Ct. at 597-98]:
In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the court has a duty to deny in forma pauperis status to those individuals who have abused the system.
The majority found that it had the power to fashion such a remedy for abusive filings as part of its authority to allocate the resources of the Court in a way that promotes the interests of justice. McDonald, 498 U.S. at 184 [109 S.Ct. at 996].
Although the Supreme Court gave no indication that the petitioners were afforded notice and an opportunity to be heard before the Court prospectively denied them indigent status, we conclude that petitioner in this case should be given notice and an opportunity to respond before we dismiss this petition for failure to pay the filing fee or before we deny in forma pauperis status based on the petitioner's abusive filing of successive meritless petitions.
Accordingly the petitioner, having commenced the above-styled cause by filing of a petition for writ of mandamus in the court on November 18, 1994, without the deposit of the statutory filing fee, shall within twenty days do one of the following:
a) pay the Clerk of this Court the sum of Two Hundred Fifty Dollars ($250.00) as the Appellate Court filing fee required according to Florida Rule of Appellate Procedure 9.100(b), and section 35.22(3), Florida Statutes, OR
b) show cause why in forma pauperis status should not be denied in light of the petitioner's past pattern and practice of filing frivolous extraordinary writs and appeals and in light of the frivolous nature of this petition; additionally, petitioner shall show cause why prospective denial of in forma pauperis status in all future cases where petitioner requests this court for extraordinary relief and is not represented by counsel should not be ordered.
Petitioner has filed his response to the show cause order. The petitioner has also filed an "emergency" motion to try to get a hearing on his petition for writ of mandamus.
The petitioner is asking the trial judge to enter rulings even though the trial court lost jurisdiction over the case when the notice of appeal was filed in the case below back in May 5, 1994. The appeal is still pending before this court. The petitioner is asking this court to compel the trial court to exercise jurisdiction that it does not have. Moreover, the petition alleges that petitioner *116 was represented by a lawyer in the proceeding below. Indigent defendants are not allowed to proceed pro se at the same time that they are represented by counsel.
The petitioner's response to the show cause order argues that his petitions cannot be deemed frivolous because they have all been dismissed for technical deficiencies so there has never been a ruling on the merits. The petitioner does not seem to understand that repeatedly filing petitions for relief which cannot be granted or making successive requests from a court that lacks jurisdiction to grant the relief he seeks, constitutes abusive and frivolous pleading practice just as surely as if his factual allegations were found to be without merit.
The petitioner promises that he will not file frivolous petitions in the future if the court will just not take away his indigent status. Although he may be sincere, this is an empty promise. If he does not understand that his previous activities were so egregious as to constitute an abuse of this court, he cannot be expected to discriminate in the future between frivolous pleadings and those that may have merit. His "emergency" motion is a perfect example. The show cause order clearly stated that the current petition had been found to be frivolous. Nevertheless, he continues to argue not only that he was entitled to the relief requested but that he was entitled to obtain that relief immediately.
The prospective denial of indigent status for his future pro se petitions will not affect his ability to seek the issuance of an extraordinary writ in connection with his current criminal prosecutions, since petitions may still be filed by his court-appointed counsel. Nor will he be precluded from filing a pro se appeal of a judgment of conviction or an order denying him post-conviction relief.
We conclude that the petitioner has failed to show cause why the sanction should not be imposed.
We therefore dismiss the petition as a sanction for abusive filings. We further order the prospective denial of in forma pauperis status for future petitions for extraordinary writs unless they are presented by a member of the Florida Bar who represents appellant.
HERSEY, WARNER and POLEN, JJ., concur.