660 So.2d 358 (1995)
Robert Stephen ATTWOOD, Appellant,
v.
STATE of Florida, ex rel., FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
Nos. 93-3701, 95-2284.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
Rehearing Denied September 28, 1995.
Robert Attwood, Indiantown, pro se appellant.
Perri M. King, Assistant General Counsel, Tallahassee, for appellee.
PER CURIAM.
On July 25, 1995, this court entered the following order to show cause:
In this appeal, Robert Attwood, who is incarcerated, argues that prison officials are denying him a special diet which he claims is necessary for treatment of his alleged hypoglycemia, that he has been denied necessary heart and blood pressure medications, and the use of a wheelchair which he claims he needs due to numbness in his extremities. Since filing this appeal Attwood has filed numerous petitions for special writs, seeking the same relief, which have been consolidated with this appeal.
In August of 1994 when Attwood arrived at the Martin Correctional Institute he was examined by Dr. Penske as a result of his complaint of numbness in his hands and feet. When the physician ordered a special orthopedic consult to better identify the problem, Attwood refused. Thereafter, Dr. Becker, Chief Health Officer at Martin Correctional Institution, conducted an evaluation and detected no objective abnormalities, finding Attwood's reflexes to be normal. The affidavit of Dr. Becker, which was signed on September, 23, 1994, indicates that he determined that there was no medical need for a wheelchair. Documents filed by the department indicate that Attwood refused health care services 13 times in 1994, 54 times in 1993, and 72 times in 1992.
In the first half of 1995 alone, appellant/petitioner Robert Attwood has filed 31 appeals and petitions in this court, pro se, without paying a filing fee because he claims he is indigent. In virtually all of these cases Attwood is complaining about prison conditions, primarily the medical treatment which he is receiving. Attwood currently has 18 pending cases in the Martin circuit court relating to prison conditions, and one case has 200 defendants. Because Attwood was allegedly indigent, the Martin county clerk was required to make more than 27,000 copies for Attwood without charge.

*359 Attwood has previously made the same claims in federal court regarding his medical treatment in the Florida prison system. In Attwood v. Singletary, No. TCA 92-40425-WS (N.D.Fla. 1994), a federal magistrate held an evidentiary hearing in regard to Attwood's claims. Attwood had filed more than 40 cases in that court as of the time of the hearing in October of 1993, in which plaintiff testified that he suffers from hypoglycemia, diabetes, high blood pressure, a neck injury, post-operative pain from removal of his gall bladder, injury to his tail bone, numbness in his feet and hands, injury to his skull, and injury to his right knee. In the federal case Attwood testified that in 1992 his neck was permanently injured in an attack by correctional officers, that he was dropped by correctional officers on his tail bone, that he had been hit on his head 2 days prior to the hearing by a correctional officer and had fallen a dozen times and injured his right knee. He sat in a wheelchair at the hearing.
After hearing the plaintiff testify, as well as other witnesses including Dr. Joseph E. Paris, the medical director of the North Florida Reception Center Hospital, the magistrate found that plaintiff had refused to submit to tests which would have confirmed many of his medical claims; that tests to which he did submit failed to substantiate his claims; and that there was no evidence of any serious medical problem except that the plaintiff has high blood pressure. There was no evidence that he needed a wheelchair, and he refused any testing which would confirm or refute that need.
Plaintiff admitted that in the two years preceding the hearing he had filed several thousand internal grievances in the Florida prison system, and that he filed about 200 in the 60 days preceding the hearing. Plaintiff admitted mailing "pounds of mail a week" to the courts, and was provided almost 5,000 free copies of documents in August, 1993 alone.
The magistrate found plaintiff not credible in regard to his claims for his treatment in the prison system or in regard to his claim that he was entitled to proceed in forma pauperis because he was indigent. He signed forms claiming he was indigent under penalty of perjury; however, the evidence showed that he is the sole owner of an apartment building, with an assessed value of $57,000 to $69,000 which generates rental income. He has a bank account but refused to testify about it.
The magistrate found that plaintiff's medical care claims were "trumped up by plaintiff with malicious purpose, to harass those whose responsibility it is to carry out his prison sentence." The magistrate further found that Attwood's affidavits of indigency were deliberately false.
The magistrate recommended that in addition to dismissing Attwood's case with prejudice, that Attwood be enjoined, for the remainder of his current state prison term, from filing "another suit in this or any other court which fails to comply with Federal Rule of Civil Procedure 11." He also recommended sending a copy of the report to the United States Attorney for consideration of charges of perjury or of obstruction of justice. United States District Judge William Stafford, after reviewing the record and plaintiff's objections, adopted the magistrate's recommendations in their entirety on February 18, 1994.
Attwood's appeals and petitions in this court involve the same types of claims relating to the same alleged medical conditions, treatment, and prison conditions as those Attwood advanced in federal court. He also has appealed from an order entered in the Martin County circuit court recently finding that he is not indigent.
Attwood's abuse of the judicial system requires that sanctions now be imposed. The United States Supreme Court has recently adopted a procedure pursuant to Supreme Court rule 39.8 to prevent abusive filers from proceeding in forma pauperis in non-criminal proceedings by directing the clerk not to accept for filing any petitions from these individuals unless they are accompanied by the correct filing fee. Supreme Court Rule 39, the authority for these recent Supreme Court decisions, was amended in 1991 to add the following provision:
39.8 If satisfied that a petition for writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the *360 case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed in forma pauperis.

The Supreme Court has used this provision as authority to prospectively deny leave in several cases since that subsection was added: In re Anderson, ___ U.S. ___, 114 S.Ct. 1606, 128 L.Ed.2d 332, reh'g denied, ___ U.S. ___, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994); Day v. Day, ___ U.S. ___, 114 S.Ct. 4, 126 L.Ed.2d 1 (1993); In re Sassower, ___ U.S. ___, 114 S.Ct. 2, 126 L.Ed.2d 6 (1993); In re Demos, 500 U.S. 16, 111 S.Ct. 1569, 114 L.Ed.2d 20 (1991). In each of these cases, the court directed the clerk not to accept certain categories of new cases from the individuals identified unless the proper fee is paid at the time of filing.
Although Florida does not presently have a similar rule, we conclude that this court has inherent authority to prevent abuse of the judicial system, an implied power of Florida's district courts, which has been recognized expressly in Shotkin v. Cohen, 163 So.2d 330, 331 (Fla. 3d DCA 1964); Ray v. Williams, 55 Fla. 723, 724, 46 So. 158, 159 (1908). This court has in the past denied abusive litigants the right to proceed pro se, a remedy that is similar to the restriction on fee waivers. Kreager v. Glickman, 519 So.2d 666 (Fla. 4th DCA), rev. dismissed, 528 So.2d 1182 (Fla. 1988). We have recently denied in forma pauperis status for future filings because of abuse of our judicial system. Martin v. Marko, 651 So.2d 819 (Fla. 4th DCA 1995); Lowery v. Kaplan, 650 So.2d 114 (Fla. 4th DCA 1995).
Accordingly the appellant, having filed this case without paying the statutory filing fee, shall, within ten (10) days, do one of the following:
a) pay the Clerk of this Court the sum of Two Hundred Fifty Dollars ($250.00) as the Appellate Court filing fee required according to Florida Rule of Appellate Procedure 9.100(b), and section 35.22(3), Florida Statutes, OR
b) show cause why in forma pauperis status should not be denied in light of the appellant's past pattern and practice of filing frivolous extraordinary writs and appeals and in light of the frivolous nature of this appeal and petitions; additionally, appellant shall show cause why prospective denial of in forma pauperis status in all future cases should not be ordered.
Attwood has filed his response to the show cause order in which he denies abusing the judicial system, insists that he has every right to continue to file his appeals and petitions (he has filed a notice seeking review of our order to show cause in the Florida Supreme Court), and continues to argue that he is improperly being denied treatment for the same medical conditions which were the subject of his claims in federal court and state court. He also argues that his allegations are truthful and that the evidence refuting his allegations is all fabricated.
Appellant/petitioner has abused our judicial system by repeatedly filing appeals and petitions for extraordinary relief without payment of the filing fee. Often, he makes copies of what he has already filed, signs the copied version, and handwrites an additional allegation, which must be treated as a new petition or appeal. It is clear from the number of his filings, as well as his frivolous claims, that he is not interested in obtaining judicial consideration of his allegations.
Appellant/petitioner has failed to show cause why we should not deny him the indigency status which has allowed him to file these repetitive meritless pleadings. As a sanction, we order that appellant petitioner shall forthwith be denied indigent status for the filing of appeals or petitions for extraordinary relief. The clerk is directed to refuse any such notice of appeal or petition for filing unless accompanied by the proper filing fee or submitted and signed by a member of the Florida Bar. This order shall not apply to any criminal appeal filed by Robert Attwood which directly concerns a judgment and sentence.
This appeal and the appeals and petitions for extraordinary relief which have been consolidated with this appeal are dismissed.
GLICKSTEIN, KLEIN and STEVENSON, JJ., concur.