PER CURIAM.
This is an appeal from an order denying petitioner’s motion to proceed in forma pau-peris and denying his petition for writ of habeas corpus. We reverse.
The appellant filed a petition for writ of habeas corpus in the trial court challenging his close management classification in the prison system. An order to show cause was issued, and the state responded, contending that the petition was not one for habeas corpus, but that the remedy should properly be sought only by writ of mandamus. The state, however, argued that even if treated as a petition for mandamus, the petition should be denied.
Apparently, the trial court on its own motion determined that, based on our case of Lowery v. Kaplan, 650 So.2d 114 (Fla. 4th DCA 1995), petitioner’s motion to proceed in forma pauperis should be denied and that the petition should be dismissed without prejudice to seeking future relief in compliance with the requirements of Lowery. It further ordered that the Nineteenth Judicial Circuit should not accept any new actions or requests for extraordinary writs from appellant unless accompanied by the full filing fee except where the action is filed by a licensed attorney.
The court mistakes our opinion in Lowery as having some precedential effect over the circuit courts. Such is not the case. Our opinion in Lowery detailed an abusive filing practice that Mr. Lowery had undertaken in our court. As a sanction, we held that we would disallow the filing of extraordinary petitions in our court. This record does not suggest that the trial court was sanctioning appellant for abusive filings in the trial court. Because the relief in Lowery was a sanction for activity in our court, it does not stand as precedent or a district-wide policy for other courts within our district where there is no record of abusive practice by the litigant. That is not to say that the courts may not take similar action should a party abuse the judicial process in the trial court.
Moreover, in this case the court dismissed a petition for habeas corpus for failure to pay the filing fee. Although appellant correctly notes that Article I, section 13 of the Florida Constitution provides that “[t]he writ of habeas corpus shall be grantable of right, freely and without cost,” the petition is not truly one for habeas corpus and therefore, this section has no application. Nevertheless, to the extent that the order may be read as dismissing a habeas corpus petition for failure to pay a filing fee, it is reversed. On remand the trial court may consider whether the petition is properly brought as a habeas corpus and whether petitioner’s motion to proceed in forma pauperis should be granted or denied, without reliance on Lowery.
Reversed and remanded.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.