On Motion to Dismiss

COPE, Judge.
We grant the motion to dismiss this appeal brought in postjudgment proceedings.
In the underlying action, plaintiff-appellee Medical Facilities Development, Inc., filed a specific performance suit against defendant-appellant Little Arch Creek Properties, Inc. Plaintiff filed a lis pendens and posted a substantial bond. Ultimately, judgment was entered in defendant’s favor.
After judgment, defendant filed a motion for damages against the surety on the lis pendens bond. See Fla. R. Civ. P. L625. Defendant sought several distinct items of damages, including attorney’s fees incurred in the underlying proceeding. The trial court entered a partial summary judgment denying the attorney’s fees portion of the damages claim. The trial court has not yet ruled on defendant’s other claims against the surety bond.
*927 Defendant has appealed the adverse partial summary judgment. Plaintiff has moved to dismiss the appeal.
Defendant argues that this appeal is authorized by the second sentence of Florida Rule of Appellate Procedure 9.130(a)(4), which (with exceptions not applicable here) states that “[ojther non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.”[1] At first blush, the appeal appears to fit within the language of the rule, because defendant filed an authorized post-judgment motion under Florida Rule of Civil Procedure 1.625, and the order which is being appealed is non-final.
However, this court has rejected the proposition that all post-judgment orders are ap-pealable under Rule 9.130(a)(4). In Grafman v. Grafman, 488 So.2d 115 (Fla. 3d DCA 1986), the court explained that where a post-judgment motion in effect initiates a new proceeding which will culminate in a new final order, the non-final orders entered in the new proceeding “must be considered non-final orders entered prior to final order, not after final order, and accordingly are not appealable as ‘non-final orders entered after final order’ under Fla. R.App. P. 9.130(a)(4).” 488 So.2d at 118.
In Grafman, there had been a final judgment of dissolution of marriage. Later one of the parties filed a motion for modification. During the modification proceeding, the court rescinded an order referring the matter to the general master, and the former wife appealed. In dismissing the appeal, this court noted that the motion for modification in effect initiated another trial-type proceeding which will culminate in a final order, appealable as such. See 488 So.2d at 117. To construe Rule 9.130(a)(4) to allow an immediate appeal of all post-judgment rulings “would mean all such orders entered in these original proceedings to modify final judgment of marriage dissolution would be appealable under this rule — a thoroughly irrational re-suit plainly not contemplated by the said rule.” 488 So.2d at 118. Adopting the same analysis of Rule 9.130(a)(4) are Maryland Casualty Co. v. Century Construction Corp., 656 So.2d 611, 611-12 (Fla. 1st DCA 1995), and Gaché v. First Union National Bank, 625 So.2d 86, 87 (Fla. 4th DCA 1993); see also Machado v. Foreign Trade, Inc., 544 So.2d 1061, 1062 (Fla. 3d DCA 1989).
The logic of the above-cited cases applies here. The post-judgment motion under Rule 1.625 in effect triggers a new proceeding with disputed issues to be resolved by trial and the right to jury trial preserved intact. See id. It will culminate in a final order, appealable as such.
At this juncture, the trial court has simply disallowed one of several damage claims against the bond. The rest of the claims remain pending. For the reasons stated, the appeal is not authorized by Rule 9.130(a)(4). No other provision of Rule 9.130 is applicable. Consequently, we dismiss the appeal. This ruling is, of course, without prejudice to the defendant to appeal from the final order on the Rule 1.625 motion.
Appeal dismissed.

. Rule 9.130(a)(4) states in its entirety:
(4) Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.