802 So.2d 353 (2001)
PHILIP MORRIS INCORPORATED, R.J. Reynolds Tobacco Company, Lorillard Tobacco Company, and Brown & Williams Tobacco Corp., Individually and as Successor to the American Tobacco Company, Appellants,
v.
Saundra K. JETT, Appellee.
No. 3D00-3189.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Rehearing, Rehearing and Certification Denied December 19, 2001.
*354 Shook, Hardy & Bacon and Norman A. Coll and Kenneth J. Reilly, Miami; Smith Ballard & Logan and Alan C. Sundberg, Tallahassee; Greenberg, Traurig and Elliott Scherker and David L. Ross and Dawn Beighey Georgiades, Miami; Womble Carlyle Sandridge & Rice and Jonathan Engram and Lisa Sheppard; Carlton Fields and Douglas J. Chumbley, Miami; Adorno & Zeder and Anthony N. Upshaw, Miami, for appellants.
Gerson & Davis and Edward S. Schwartz and Phillip M. Gerson, Miami; Angones, Hunter, McClure, Lynch & Williams and Steven Hunter, Miami; Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel S. Perwin, Miami, for appellee.
Before GERSTEN and GREEN, JJ., and NESBITT, Senior Judge.
Rehearing, Rehearing En Banc and Certification Denied December 19, 2001.
NESBITT, Senior Judge.
Defendants below, Phillip Morris Companies, Incorporated, and other companies that manufacture and sell tobacco products ("defendants") appeal an order entitled "ORDER ON THE COURTS ADMINISTRATION AND JURISDICTION OVER THE CONSUMMATION OF THE SETTLEMENT AGREEMENT." The order outlined which party would carry what burdens in the upcoming trial between the companies and an individual flight attendant in light of a previously executed class action Settlement Agreement. Finding we are without jurisdiction to review the order at issue, we dismiss the appeal.
Saundra Jett's action is one of approximately 3,125 individual lawsuits filed by flight attendants in the wake of the settlement and dismissal of the class action in the case of Norma Broin, et al. v. Philip Morris Companies, Inc., et al., Case No. 91-49738. (Herein, Broin.)[1] The Broin Settlement Agreement was executed during the trial of the Broin class action, before any issues had been submitted to the jury. In Ramos v. Philip Morris Cos., Inc., 743 So.2d 24 (Fla. 3d DCA 1999), responding to the objections of certain intervenors, this court affirmed the trial judge's decision which approved the Settlement Agreement.
Faced with a multitude of upcoming individual lawsuits, the administrative judge supervising the litigation determined that certain evidentiary rulings would be made in Jett's case and regarded as applicable to all the upcoming flight attendant actions. In May of 2000, Judge Robert Kaye, the trial judge in Ramos, was appointed to rule on such common issues. One such question arose as to which party would carry what burdens of proof in light of the Broin Settlement Agreement. In October of 2000, Judge Kaye entered the order at issue, analyzing the burden-shifting provisions contained in the Agreement, and ordering which party would carry what burdens in the trial to follow.[2]
*355 Paragraph 12 of the Broin Settlement Agreement defined the "retained claims" which individual class members and their survivors could bring in individual actions following the dismissal in Broin, and how such actions could be brought.[3]
We do not reach the merits of either side's position as we conclude that the order is not at this time an appealable order. Defendants maintain that district courts routinely review orders interpreting settlement agreements and that the order at issue is reviewable either as a final order, a non final order entered after final judgment, or by way of writ of certiorari. We cannot agree.
Where a post-judgment motion in effect triggers a new proceeding with disputed issues to be resolved by trial and which will culminate in a final order, the issues raised will be appealable when final judgment is entered. See Little Arch Creek Properties, Inc. v. Medical Facilities Dev. Inc., 698 So.2d 926 (Fla. 3 DCA 1997). We said this in Little Arch in the context of a prospective vendor's post-judgment *356 motion for damages against the surety on a lis pendens bond, observing:
[T]his court has rejected the proposition that all post-judgment orders are appealable under Rule 9.130(a)(4). In Grafman v. Grafman, 488 So.2d 115 (Fla. 3d DCA 1986), the court explained that where a post-judgment motion in effect initiates a new proceeding which will culminate in a new final order, the non-final orders entered in the new proceeding "must be considered nonfinal orders entered prior to final order, not after final order, and accordingly are not appealable as `non-final orders entered after final order' under Fla. R.App. P. 9.130(a)(4)." 488 So.2d at 118.
Id. at 927 (citing Maryland Cas. Co. v. Century Constr. Corp., 656 So.2d 611, 612 (Fla. 1st DCA 1995), and Gaché v. First Union National Bank, 625 So.2d 86, 87 (Fla. 4th DCA 1993)). Little Arch cited to Grafman, a case involving review of a modification order in a domestic case.[4] The logic set out in Little Arch and Grafman applies with equal force here. At this initial juncture, the trial court has simply made one of what may be a number of evidentiary rulings. The claim remains pending.
The cases cited by the defendants simply do not support their argument. Defendants point to a trial court's jurisdiction to enforce a court approved settlement agreement. However, the trial court's jurisdiction is not at issue. See Buckley Towers Condominium, Inc. v. Buchwald, 321 So.2d 628, 629 (Fla. 3d DCA 1975)(concluding "even without an express reservation thereof, jurisdiction inherently remains in the trial court to make such orders as may be necessary to enforce its judgment"). Defendants also cite to cases granting review of orders interpreting settlement agreements. In those cases, however, the orders at issue provided for an end to the litigation, not the beginning, as is the situation here. See Avery Dev. Corp. v. Bast, 582 So.2d 150, 151 (Fla. 4th DCA 1991)(presenting the issue of whether the trial court erred in determining that a mortgage commitment procured by appellees was identical in substance to a prior commitment, as required by the settlement agreement, in order to complete the terms thereof so that appellee could purchase a townhouse developed by appellant).
Thus, the instant appeal is not provided for by Rule 9.130(a)(4), nor is any other provision of Rule 9.130 applicable. Also, while we are authorized to treat an appeal as a petition for certiorari review, see Johnson v. Citizens State Bank, 537 So.2d 96, 98 (Fla.1989), the order at issue simply does not meet the criteria for such review. See Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999) (explaining that use of a petition for writ of certiorari is an "extraordinary remedy" that "should not be used to circumvent the interlocutory appeal rule which authorizes appeal from only a few types of nonfinal orders.") See also Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987); Riano v. Heritage Corp. of South Fla., 665 So.2d 1142, 1144 (Fla. 3d DCA 1996).
Consequently, we dismiss the instant appeal. This ruling, of course, is without prejudice to the defendants' ability to appeal *357 the issue sub judice at the conclusion of the case.
NOTES
[1] As identified in Ramos v. Philip Morris Cos., Inc., 743 So.2d 24, 26 (Fla. 3d DCA 1999), the class in Broin was defined as "[a]ll non-smoking flight attendants who are or have been employed by airlines based in the United States and are suffering from diseases and disorders caused by their exposure to second hand cigarette smoke in airline cabins."
[2] The court's order provided:

This Court has always been of the opinion that the spirit and intent of the Settlement Agreement was to the effect that the Retained Claims which were to be tried in individual trials, subsequent to the Settlement, were to be tried as Stage II claims.
At issue in this motion is whether Plaintiff bears the burden of proving the elements of the counts alleged in the complaintStrict Liability, Breach of Implied Warranty, and Negligence, or whether there is a rebuttable presumption in Plaintiffs (sic) favor that shifts the burden and relieves Plaintiff of the task of proving up the elements of the counts on Plaintiffs (sic) case in chief.
. . . .
Since there is a rebuttable presumption that ETS is harmful to ones (sic) health and can cause certain enumerated diseases, (generic causation) and that rebuttable presumption is in the Plaintiffs (sic) favor according to the Settlement Agreement, then that presumption resolves the issues of proving the elements of Strict Liability, Negligence and Breach of Implied Warranty, on Plaintiff's case in chief because each of those causes of action depends on proving the `generic causal effect' of ETS.
. . . .
In view of the above, it is apparent to this Court that the upcoming individual trials referenced in the Settlement Agreement are to be conducted on the basis of being a Stage II trial to answer the question of whether ETS was the specific cause of the disease or injury claimed by the Plaintiff, and then to resolve the issue of damages if any.
[3] According to the parties' agreement, actions for Retained Claims are limited to claims for compensatory damages, for non-intentional torts, which may be based upon the theories of liability of strict liability in tort, negligence, and breach of implied warranty. Paragraph 12(d) of the Settlement Agreement provides:

With respect to any Retained Claims seeking damages on account of lung cancer, chronic bronchitis, emphysema, chronic obstructive pulmonary disease, or chronic sinusitis, brought by a member of the Class or his or her survivor, the burden of proof as to whether Environmental Tobacco Smoke ("ETS") can cause one of the above-described diseases ("general causation") shall be borne by the Settling Defendants and the Jury shall be so instructed; in all other respects, including the issue of whether an individual plaintiff's disease was caused by ETS ("specific causation"), the ordinary burdens of proof applicable to any Retained Claims shall remain unaltered. In addition, the altered burden of proof provided herein with respect to general causation shall in no way affect the ability of the Settling Defendants to introduce any evidence or argument as to general causation, specific causation, or alternative causation, or to introduce any other evidence or argument which the Settling Defendants would otherwise be entitled to present at any future trial in which Retained Claims are brought. The Settling Defendants' agreement to alter the burden of proof as provided herein is not an admission of any sort, and shall not be construed, now or at any future trial or proceeding, as an admission of causation or any other fact or legal contention.
[4] We observed that to construe Rule 9.130(a)(4) to allow an immediate appeal of all post-judgment rulings "would mean all such orders entered in these original proceedings to modify final judgment of marriage dissolution would be appealable under this rulea thoroughly irrational result plainly not contemplated by the said rule." Little Arch, 698 So.2d at 927, citing to Grafman, 488 So.2d at 118.