On Order to Show Cause

PER CURIAM.
On the Court’s own motion, the Court issued an order to Danny Lee Adams to show cause why the privilege of proceeding in forma pauperis should not be revoked for abuse of the judicial system. See Attwood v. State, Dep't of Corr., 660 So.2d 358, 360 (Fla. 4th DCA 1995). The appellant is engaged in postjudgment litigation arising out of a dissolution of marriage. He has filed fifteen appeals or petitions in this Court since 2002. The Court may deny in forma pauperis status for litigants who abuse the judicial system. See id. at 360.
On review of appellant Danny Lee Adams’ litigation history in this Court and his response to this Court’s Order to Show *251 Cause, it appears that appellant is under the impression that all rulings in post-judgment proceedings can be immediately appealed. That is not so.
As explained in Little Arch Creek Properties, Inc. v. Medical Facilities Development, Inc., 698 So.2d 926, 927 (Fla. 3d DCA 1997):
[T]his court has rejected the proposition that all post-judgment orders are appealable under Rule 9.130(a)(4). In Grafman v. Grafman, 488 So.2d 115 (Fla. 3d DCA 1986), the court explained that where a post-judgment motion in effect initiates a new proceeding which will culminate in a new final order, the non-final orders entered in the new proceeding “must be considered non-final orders entered prior to final order, not after final order, and accordingly are not appealable as ‘non-final orders entered after final order’ under Fla. R. App. P. 9.130(a)(4).”
See also Philip Morris Inc. v. Jett, 802 So.2d 353, 355 (Fla. 3d DCA 2001); Philip J. Padovano, Florida Appellate Practice § 22.15, at 463-466 (2006); 3 Fla. Jur.2d Appellate Revieiv § 79 (2005).
In addition, it has been plainly established that disagreement with rulings is not a proper basis to seek disqualification of a trial judge, see Johnson v. Johnson, 725 So.2d 1209, 1216 (Fla. 3d DCA 1999), or general magistrate, and any such request by appellant is therefore non-meritorious.
In light of appellant’s misapprehension we exercise our discretion to grant in forma pauperis status to defendant at this time. However, we advise appellant that any further abuse of the appellate process will result in our denial of in forma pauper-is status.