SHEPHERD, J.
 

 This is an appeal from a post-de-cretal final money judgment, awarding the former wife reimbursement for federal income taxes paid by her on seven years of post-dissolution alimony payments, and a separate order granting Roberta Fox’s (one of former wife’s counsels) objection to the referral to a magistrate of the former husband’s request for an award of attorney fees and costs pursuant to section 57.105 of the Florida Statutes (2006), against both
 
 *349
 
 her and her client for the filing and prosecution of the petition, which has brought us here.
 

 Although we recognize the trial court granted the former wife’s counsel’s objection to the referral of the former husband’s request for section 57.105 sanctions nearly two years after a predecessor judge referred the request to the general magistrate, with the consent of all parties, including the former wife’s then counsel of record, Roberta Fox, we, nevertheless, are compelled to dismiss the appeal sought to be taken from this order for lack of jurisdiction.
 
 See Grafman v. Grafman,
 
 488 So.2d 115, 118 (Fla.1986);
 
 Peebles v. Sheridan Healthcare, Inc.,
 
 817 So.2d 1002, 1002 (Fla. 4th DCA 2002);
 
 see also Little Arch Creek Props., Inc. v. Med. Facilities,
 
 698 So.2d 926, 927 (Fla. 3d DCA 1997). Nei ther the possibility (or even likelihood) that a party will incur additional attorney fees and costs as a consequence of an erroneous non-final order, nor that the court will waste limited resources by proceeding, is a sufficient ground to confer jurisdiction on an appellate court to review an otherwise non-appealable, non-final order.
 

 At the same time, we reverse the final judgment awarding the former wife reimbursement for federal income taxes paid by her on seven years of post-dissolution alimony payments. The final judgment followed an order in which the trial court granted the former wife’s exceptions to the report and recommendation of a general magistrate, which recommended denial of reimbursement based on the doctrine of laches and the doctrine of unclean hands. As the former husband expressly made clear both in the response filed to the former wife’s exceptions and at the hearing on the exceptions, the former wife, in either instance, did not except to the magistrate’s recommended denial on the basis of the doctrine of unclean hands. The doctrine of unclean hands is a separate and distinct ground for denying relief from the doctrine of laches.
 
 Compare Epstein v. Epstein,
 
 915 So.2d 1272,1275 (Fla. 4th DCA 2005) (“He who has acted in bad faith, resorted to trickery and deception, or been guilty of fraud, injustice, or unfairness will appeal in vain to a court of conscience.” (quoting
 
 Weegham v. Killefer,
 
 215 F. 168, 172 (D.Ct.Mich.1914)))
 
 with Garcia v. Guerra,
 
 738 So.2d 459, 461 (Fla. 3d DCA 1999) (“Laches is effective to bar enforcement when there has been a substantial and inexcusable delay in enforcing the claim to arrears of support and the delay has prejudiced the defendant or led him to change his position to such an extent that enforcement of the decree would be inequitable or unjust.” (quoting Homer H. Clark, Jr.,
 
 The Law of Domestic Relations in the United States
 
 § 18.3, at 394 (2d ed. 1987))). Florida Family Law Rule of Procedure 12.490(f) requires a party to file all exceptions to a report and recommendation of a magistrate within ten days from the time it is served. Findings for which a timely exception has not been lodged are deemed waived.
 
 See Keech v. Yousef,
 
 815 So.2d 718, 719 (Fla. 5th DCA 2002) (“A legal argument must be raised initially in the trial court by the presentation of a specific motion or objection at an appropriate state of the proceedings.”). Although we are inclined to find that the magistrate in this case correctly recommended denial of relief to the former wife on the ground of unclean hands, we reverse the final money judgment in favor of the former wife — which reimbursed her for federal income taxes paid — on the procedural ground that the trial court erred by failing to adopt the report and recommendation of the general magistrate, because the former wife failed to except to the alternate unclean hands ground on
 
 *350
 
 which the general magistrate also had recommended denial of relief.
 

 Accordingly, we reverse the final judgment awarding the former wife reimbursement for federal income taxes and remand with directions to enter final judgment for the former husband on the former wife’s petition. We dismiss the appeal taken from the order granting the former wife’s counsel’s objection to the referral of the former husband’s request for relief pursuant to section 57.105 of the Florida Statutes to a general magistrate.
 

 Reversed in part; dismissed in part.