NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL BRYAN WAMSLEY,          )
                                )
          Appellant,            )
                                )
v.                              )          Case No.  2D16-2160
                                )
ANNMARIE WAMSLEY, n/k/a ANNMARIE )
HANECKI,                        )
                                )
          Appellee.             )
_____ )

Opinion filed August 25, 2017.

Appeal from the Circuit Court for
Hillsborough County; Wesley D. Tibbals,
Judge.

Simone Lennon of Simone Lennon, P.A.,
Clearwater, for Appellant.

Brett R. Rahall of Brett Rahall, P.A., Tampa,
for Appellee.

LaROSE, Chief Judge.

We review an order entered in postdissolution proceedings between

Michael Bryan Wamsley and Annmarie Hanecki.  Mr. Wamsley wants us to reverse the

trial court's March 31, 2016, "Order vacating January 7, 2016, order confirming January

6, 2016 Report of General Magistrate."  Because he seeks review of a nonfinal,

nonappealable order, we dismiss this appeal for lack of jurisdiction.

## Background

Between October 2005 and January 2006, the trial court entered separate orders dissolving the parties' marriage, arranging timesharing and parental responsibilities, and establishing Mr. Wamsley's alimony and child support obligations. Since then, Mr. Wamsley repeatedly has sought modification of his financial obligations. Indeed, he has filed no less than five modification petitions. Yet, Mr. Wamsley has not pursued relief diligently. Seemingly, his modus operandi is to file a modification petition and then abandon it.

The trial court's March 31, 2016, order recounts the procedural history below. A few relevant facts merit mention. Mr. Wamsley filed a modification petition in August 2010, but never scheduled a hearing. Consequently, the petition languished. Several years later, the Florida Department of Revenue sued to collect Mr. Wamsley's child support arrears. In September 2014, the trial court established his arrearage at over $105,000.

Spurred to action by the imposition of this significant financial obligation, Mr. Wamsley filed a new modification petition in September 2014. This time, however, he was tenacious. Mr. Wamsley sought a downward modification of his child support obligation due to an alleged material and substantial change in circumstances. In pursuing relief under his September 2014 petition, he argued that the operative pleading was the long-dormant August 2010 petition. The trial court, after conducting a hearing and receiving argument from the parties, disagreed. In the March 31, 2016, order, the trial court reasoned that Mr. Wamsley abandoned the August 2010 petition when he filed the September 2014 petition. Consistent with this rationale, the order succinctly stated that the September 2014 petition "is the only remaining operative pleading . . . ."

To date, the trial court has rendered no decision on the merits of any modification petition filed by Mr. Wamsley.

**Analysis**

The crux of Mr. Wamsley's appeal is this: which modification petition is operative? He urges us to adopt the August 2010 petition. Ms. Hanecki, in contrast, argues in support of the trial court's March 31, 2016, order.

We need not enter the fray. The March 31, 2016, order is nonfinal and nonappealable. That order did not reach the merits of Mr. Wamsley's efforts to modify his support obligations. It merely determined the operative petition upon which Mr. Wamsley could proceed.

Florida Rule of Appellate Procedure 9.130 lists the grounds upon which a litigant may appeal a nonfinal order. As to family law matters, the rule allows for appeals of nonfinal orders that determine "the right to immediate monetary relief"; "the rights or obligations of a party regarding child custody or timesharing under a parenting plan"; or "that a marital settlement agreement is invalid in its entirety." Fla. R. App. P. 9.130(a)(3)(C)(iii)(a)–(c).

"[T]he list of appealable nonfinal orders in [rule 9.130] is intended to be exhaustive." Hitt v. Homes & Land Brokers, Inc., 993 So. 2d 1162, 1165 (Fla. 2d DCA 2008). The Florida Supreme Court agrees: "The thrust of rule 9.130 is to restrict the number of appealable nonfinal orders. The theory underlying the more restrictive rule is that appellate review of nonfinal judgments serves to waste court resources and needlessly delays final judgment." Travelers Ins. Co. v. Bruns, 443 So. 2d 959, 961 (Fla. 1984).

The March 31, 2016, order deals with none of the grounds listed in rule 9.130(a)(3)(C)(iii). Rather, the trial court simply found that Mr. Wamsley's right to modification would be determined at a future hearing in accordance with the arguments raised in his September 2014 petition. The order left for another day a resolution of the merits. Cf. Areizaga v. Spicer, 841 So. 2d 494, 495 (Fla. 2d DCA 2003) (treating the order appealed as appealable under rule 9.130(a)(3)(C)(iii) because "the order sets a specified amount of money that Mr. Areizaga must pay"); Seigler v. Bell, 148 So. 3d 473, 479 (Fla. 5th DCA 2014) ("[T]he order granting reconsideration is not an appealable nonfinal order because it does not determine the right to child custody, but merely indicates that more evidence will be considered before the trial court determines Mother's motion to revoke the prior temporary custody order.").

We reject Mr. Wamsley's argument that the March 31, 2016, order concerned either his right to immediate monetary relief or timesharing issues. He reasons that because the order decided which of his petitions is the operative pleading, the trial court necessarily foreclosed the monetary and timesharing relief requested in earlier petitions. Mr. Wamsley invites us to erase the limits on appealable nonfinal orders established in rule 9.130. We are loathe to do so. See Jenne v. Maranto, 825 So. 2d 409, 413 (Fla. 4th DCA 2002) ("The enumerated categories of permissible nonfinal review stated in rule 9.130 must be limited to their plain meaning. The rule does not authorize judges to enlarge its provisions to permit review of nonfinal orders not specified within its provisions." (citations omitted)). If and when the trial court rules on the merits of the operative modification petition, Mr. Wamsley may argue on appeal that the trial court proceeded under the incorrect petition.

We also note that in responding to our order to show cause why the appeal should not be dismissed, Mr. Wamsley argues that the "summary denial of [his] petition" offends his "due process rights to notice and an opportunity to be heard." He relies on several cases purportedly demonstrating that "[d]ue process principles apply to modification proceedings including child custody and visitation matters."

We do not quibble with the proposition of law he advances. Yet, we cannot agree that his due process concerns necessarily transform an otherwise nonfinal, nonappealable order into something we can address now. Cf. Damsky v. Univ. of Miami, 152 So. 3d 789, 791 (Fla. 3d DCA 2014) ("Interlocutory orders that are not appealable as a matter of right, however, may be reviewed by a petition for a writ of certiorari. But a petition for writ of certiorari is not simply an alternative method to obtain an interlocutory appeal when the rules do not provide one.").

Additionally, the due process cases upon which Mr. Wamsley relies involve dispositions on the merits. See, e.g., Murphy v. Ridgard, 757 So. 2d 607, 608 (Fla. 5th DCA 2000) ("The father is correct that his due process rights to notice and an opportunity to be heard were abridged by the summary denial of his [second amended supplemental petition for modification of final judgment seeking additional child visitation].") We find no such abuse of process in this case. Effectively, Mr. Wamsley seeks an interlocutory appeal from an order that does not adjudicate the merits of his modification petition. This we cannot abide.

Finally, we observe that "a party may seek certiorari review of a nonfinal order not otherwise appealable under rule 9.130(a)(3)." Miami-Dade County v. Pozos, 42 Fla. L. Weekly D418, D418 n.1 (Fla. 3d DCA Feb. 15, 2017) (citing Fla. R. App. P. 9.100(a); 9.130(a)(1)). "Our standard of review in a certiorari proceeding requires this

court to determine whether the trial court's order is: '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.' " Kelly v. Philip Morris USA Inc., 69 So. 3d 1078, 1079 (Fla. 2d DCA 2011) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). Even if we treated Mr. Wamsley's appeal as a petition for ceriorari, he cannot meet this demanding standard. See, e.g., Laycock v. TMS Logistics, Inc., 209 So. 3d 627, 631 (Fla. 1st DCA 2017) ("[T]he Florida Supreme Court established an exacting standard for certiorari review, always requiring irreparable harm to the petitioner."); Town of Longboat Key v. Islandside Prop. Owners Coal., LLC, 95 So. 3d 1037, 1039 (Fla. 2d DCA 2012) (denying certiorari petition because "[t]he Town ha[d] not met this exacting standard").

Dismissed.

NORTHCUTT and KELLY, JJ., Concur.