DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

STEPHANIE GASKINS,

Appellant,

v.

FAHMI A. BAHOUR,

Appellee.

No. 2D2023-2617
_____

November 27, 2024

Appeal from the Circuit Court for Hillsborough County; James S. Moody, III, Judge.

Stephanie Gaskins, pro se.

Fahmi A. Bahour, pro se.

LABRIT, Judge.

In these postdissolution proceedings, Stephanie Gaskins (Former Wife) challenges two orders that the trial court entered after she filed an amended supplemental petition for modification. Because both orders are nonfinal and nonappealable, we dismiss the appeal.

A supplemental petition for modification filed after a final judgment of dissolution "proceed[s] in the same manner . . . as though the supplemental petition were the initial pleading in the action." Fla. Fam. L. R. P. 12.110(h). As such, it culminates in a final order, and if it's successful, the supplemental petition results in a supplemental final

judgment. *See Adams v. Adams,* 126 So. 3d 250, 251 (Fla. 3d DCA 2006); *see also Chan v. Addison,* 386 So. 3d 1033, 1037 (Fla. 6th DCA 2024) (Nardella, J., concurring). Any nonfinal orders entered prior to a final order in such proceedings are only appealable as Florida Rule of Appellate Procedure 9.130(a)(3) permits. *See Wamsley v. Wamsley,* 225 So. 3d 402, 404 (Fla. 2d DCA 2017).

Here, the Former Wife filed a supplemental petition for modification in October 2017 and an amended supplemental petition in March 2022. Both her initial and amended petitions included requests to modify timesharing and child support.[1] After a hearing that was limited to the issue of timesharing, the trial court entered an order in December 2022 denying the Former Wife's amended supplemental petition "as to timesharing."

The following year, after various other hearings, the Former Wife filed a motion for a case management conference in November 2023. Her motion listed multiple issues that she believed remained unresolved, including her request for modification of child support. Shortly thereafter, the trial court entered two orders. The first order found that the Former Wife's amended supplemental petition did "not include a specifically and independently pled count for child support." The second order denied the Former Wife's motion for a case management conference, finding that there was "nothing pending before th[e trial c]ourt to warrant a [c]ase [m]anagement [c]onference."

The Former Wife asks us to review both orders, but we lack jurisdiction to do so. Both orders are nonfinal, as the orders neither

_____

[1] Her initial petition asked the trial court to modify child support "consistent with the order . . . relative to" timesharing. Her amended petition included the same request and also stated that child support "should be increased consistent with the current incomes of the parties."

2

contain language of finality nor dismiss the Former Wife's amended supplemental petition with prejudice. *See Obermark v. Obermark*, 392 So. 3d 598, 599 (Fla. 5th DCA 023); *Delgado v. Morejon*, 295 So. 3d 1214, 1217 (Fla. 5th DCA 2020). Indeed, in her response to our order to show cause, the Former Wife agrees that "the orders on appeal are not final orders." Rule 9.130(a)(3) lists the nonfinal orders that we may review in these proceedings. *Wamsley*, 225 So. 3d at 404. The orders at issue are not on that list, so we must dismiss this appeal for lack of jurisdiction.

Dismissed.

VILLANTI and SMITH, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.