Reynoso v. USA, et al.          CV-00-103-M    07/25/00

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Felix Reynoso


   v.                                    Civil No. 00-103-M
                                        Opinion No. 2000 DNH 174
United States of America
Jacqueline Bussiere-Burke, AUSA
_____

**REPORT AND RECOMMENDATION**

Before the court is pro se plaintiff Felix Reynoso who has filed suit, pursuant to 42 U.S.C. § 1983, against the United States of America and Assistant United States Attorney Jacqueline Bussiere-Burke.  Reynoso seeks dismissal of pending criminal charges for alleged violations of his rights under the 5th amendment to the Constitution and the Vienna Convention.  As Reynoso is proceeding pro se and in forma pauperis the complaint is currently before me for preliminary review. See United States District Court for the District of New Hampshire Local Rules ("LR") 4.3(d)(2).  For the reasons stated below, I recommend that the complaint be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii).

Reynoso has also filed a motion seeking the appointment of counsel. Because I recommend that the complaint be dismissed for failing to state a claim upon which relief may be granted, I am recommending denial of the motion to appoint counsel, also without prejudice should Reynoso elect to renew these claims in any forum in the future.

## Background

Reynoso alleges that on January 19, 2000, unnamed Manchester (N.H.) Police officers kicked in his apartment door without a warrant, arrested him and brought him to the Manchester Police station where he was booked. He was not read his Miranda[1] rights or told that he had a right to contact his consulate pursuant to the Vienna Convention[2].

Reynoso states that the first time he was advised he had a right to contact his consulate was by letter from the Assistant United States Attorney he received on February 16, 2000. Reynoso is incarcerated in the Cumberland County Jail in Portland, Maine. He alleges that during his incarceration there, unnamed

---

[1]See Miranda v. Arizona, 384 U.S. 436 (1966).

[2]See Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261 (ratified November 24, 1969)("Vienna Convention").

corrections officers have refused his request to use the "white phone" to contact his consulate.

Background

In reviewing a pro se complaint, a district court is obliged to construe the pleading liberally. <u>See</u> <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe <u>pro</u> <u>se</u> pleadings liberally in favor of that party). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. <u>See</u> <u>Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). Even generously reading the complaint in favor of Reynoso, I cannot find any claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii)&(iii).

## 1. Choice of Defendants

"[V]ictims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such

suit." <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 26 (1st. Cir 2000) (<u>quoting</u> <u>Wright v. Park</u>, 5 F.3d 586, 589 n.4 (1st Cir. 1993)(citing <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971)). However, "[i]t is well-settled that a <u>Bivens</u> action will not lie against an agency of the federal government." <u>Ruiz Rivera</u>, 209 F.3d at 28 (citing <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994)). This is also true for federal officials sued in their official capacities. <u>Ruiz Rivera</u>, 209 F.3d at 28 (citations omitted). <u>Bivens</u> actions, or civil rights lawsuits against federal actors, can therefore only be brought against federal officials in their individual capacities. <u>Id</u>.

Here, Reynoso has elected to sue the United States of America and Assistant United States Attorney Jacqueline Bussiere-Burke. To the extent he sues the federal government or Attorney Bussiere-Burke in her official capacity, I find that neither defendant is amenable to suit by virtue of the sovereign immunity they enjoy pursuant to the 11th amendment to the Constitution. Further, to the extent that Reynoso may have intended an individual capacity suit against Bussiere-Burke, he has neither alleged any conduct on her part which could be construed to violate any constitutional right, nor has he overcome the fact

4

that a prosecutor is entitled to absolute immunity from suit under 42 U.S.C. § 1983 for conduct associated with her prosecutorial function. See Imbler v. Pachtman, 424 U.S. 409. 431 (1976); Harrington v. Almy, 977 F.2d 37, 40 (1st Cir. 1992).

Because Reynoso has failed to allege any unconstitutional conduct on the part of any named defendant and has declined to name as a defendant any defendant associated with either the Manchester Police Department or the Cumberland County Jail, I recommend dismissal of this complaint against each named defendant.

### 2.    The Claims

#### a.    The Miranda Claim

A suspect subjected to custodial interrogation is entitled to be advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436 (1966). Reynoso asserts that his rights were not read to him while the Manchester Police Department had him in custody, but does not assert that he was subjected to interrogation during that time or that he made any incriminating

statements.  <u>Miranda</u> only applies if custodial interrogation occurs.  However, even if Reynoso were interrogated without the benefit of <u>Miranda</u> warnings, violations of the prophylactic <u>Miranda</u> procedures, without more, do not rise to the level of a constitutional violation actionable under 42 U.S.C. § 1983.  <u>See New York v. Quarles</u>, 467 U.S. 649 (1984)(accused has no right to receive <u>Miranda</u> warnings because warnings are only a procedural safeguard designed to protect a person's right against self-incrimination); <u>see</u> <u>also</u> <u>Veilleux v. Perschau</u>, 101 F.3d 1, 2-3 (1st Cir. 1996)("There is considerable doubt whether, even apart from <u>Quarles</u>, a Miranda violation standing alone would give rise to a constitutional claim under <u>section 1983</u>."); <u>Giuffre v. Bissell</u>, 31 F.3d 1241, 1256 (3rd Cir. 1994).  "[T]he remedy for a Miranda violation is the exclusion from evidence of any compelled self-incrimination, not a <u>section 1983</u> action."<u>Warren v. City of Lincoln</u>, 864 F.2d 1436, 1442 (8th Cir. 1989).

I therefore recommend that to the extent Reynoso alleges a procedural <u>Miranda</u> violation, his claim be dismissed.

**b.    The Vienna Convention Claim**

Reynoso requests the dismissal of charges against him due to the failure of defendants to afford him rights pursuant to the

6

Vienna Convention[3]. Without deciding whether or not the Vienna Convention even confers individual rights on detained aliens[4], this Circuit has recently decided that appropriate remedies for a violation of any right of an individual that might exist under the Vienna Convention to consular notification "do not include suppression of the evidence or dismissal of the indictment." United States v. Li, 206 F.3d 56, 60-61 (1st Cir. 2000)(citations omitted).

Further, even assuming Reynoso has enforceable rights under the Vienna Convention, he has made no showing of prejudice based on a violation of those rights. Such a showing is required before a plaintiff may be granted any relief. United States v. Ademaj, 170 F.3d 58, 67 (1st Cir.), cert. denied, 120 S.Ct. 206 (1999)(rejecting claim based on Vienna Convention because

---

[3]Reynoso does not allege that he is an alien who would be entitled to any rights that may be conferred by the Vienna Convention. This fact is inferred for purposes of preliminary review based solely on his assertion of rights under this treaty.

[4]See United States v. Li, 206 F.3d 56, 60 (1st Cir. 2000)(addressing the question of "[w]hether the Vienna Convention . . . create[s] individual rights as to consular notification and access[] that are enforceable by such individuals in court provc4eedings" and finding that courts that have faced the issue "have come to divergent conclusions" and holding that even if the Vienna Convention did confer such an individual right, those rights are not remediable by suppression of evidence or dismissal of a criminal indictment.)

claimant had not shown prejudice due to the violation).

Therefore, to the extent that Reynoso complains of a violation of his rights pursuant to the Vienna Convention, I recommend dismissal of the complaint.

## Conclusion

For the reasons set forth above, I recommend that this complaint be dismissed in its entirety for failing to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)&(iii); LR 4.3(d)(1)(B)(i).  If approved, the dismissal will count as a strike against the plaintiff under 28 U.S.C. § 1915(g).

Because it appears that Mr. Reynoso is the defendant in a criminal proceeding in this court (see CR-99-130-01-M) I emphasize that this ruling is without prejudice to that case or in a subsequent civil or criminal case.  Further, to the extent that Mr. Reynoso here seeks this court's intervention in his criminal case, that request should be made by motion in the criminal case.

Any objections to this Report and Recommendation must be

8

filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valecia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:  July 25, 2000

cc:  Felix Reynoso